**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS ) | |
| RETIREMENT FUND, LOCAL 597; ) | |
| BOARD OF TRUSTEES of the PIPE FITTERS ) | |
| WELFARE FUND, LOCAL 597; ) | |
| BOARD OF TRUSTEES of the PIPE FITTERS ) | |
| TRAINING FUND, LOCAL 597; the ) | CASE NO. 10-CV-7891 |
| BOARD OF TRUSTEES of the CHICAGO AREA ) | |
| MECHANICAL CONTRACTING INDUSTRY ) | |
| IMPROVEMENT TRUST; ) | JUDGE: |
| THE PIPE FITTERS' ASSOCIATION, ) | |
| LOCAL 597 U.A.; BOARD OF TRUSTEES ) | |
| of the PIPE FITTERS' INDIVIDUAL ) | MAGISTRATE |
| ACCOUNT and 401(K) PLAN; and ) | JUDGE: |
| BOARD OF TRUSTEES of the PIPE FITTING ) | |
| COUNCIL OF GREATER CHICAGO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| RAUL ROMERO, an Individual, ) | |
| MICHAEL WOJCIECHOWSKI, an Individual, ) | |
| ONE SOURCE UNITED MECHANICAL, LLC ) | |
| d/b/a UBM MECHANICAL SERVICES, an Illinois) | |
| Limited Liability Company, and ) | |
| ENHANCED AIR SOLUTIONS, INC., an Illinois ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

**<u>COMPLAINT</u>**

Now come Plaintiffs, the BOARD OF TRUSTEES of the PIPE FITTERS RETIREMENT FUND, LOCAL 597, *et al.,* by and through their attorneys, JOHNSON & KROL LLC, complaining of the Defendants RAUL ROMERO ("ROMERO"), MICHAEL WOJCIECHOWSKI ("WOJCIECHOWSKI"), ONE SOURCE UNITED MECHANICAL, LLC d/b/a UBM MECHANICAL SERVICES ("UBM") and ENHANCED AIR SOLUTIONS, INC.

("EAS") and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. 29 U.S.C. §§ 1132 and 185 (2006). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1), 28 U.S.C. § 1331 and/or 28 U.S.C. § 1367 (2006).

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, the PIPE FITTERS' WELFARE FUND, LOCAL 597, the PIPE FITTERS' TRAINING FUND, LOCAL 597 and the PIPE FITTERS' INDIVIDUAL ACCOUNT AND 401(K) PLAN ("TRUST FUNDS") are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Board of Trustees of the TRUST FUNDS is authorized to administer the TRUST FUNDS, which receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A. ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. The BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") is authorized to administer the Industry Fund.

5. The BOARD OF TRUSTEES of the PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") is authorized to administer the Pipe Fitting Council of Greater Chicago.

6. The UNION was the bargaining representative of Compass Mechanical Services, Inc.'s bargaining unit employees.

7. Defendants ROMERO and WOJCIECHOWSKI were corporate officers and shareholders of Compass Mechanical Services, Inc., prior to its bankruptcy.

8. The Defendant UBM is an Illinois Limited Liability Company with its principal place of business located in Carol Stream, Illinois.

9. The Defendant AES is an Illinois Corporation with its principal place of business located in Hanover Park, Illinois.

## COUNT I
## BREACH OF CONTRACT

10. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

11. Compass Mechanical Services, Inc. was an employer engaged in an industry affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (A copy of the Subscription Agreement is attached as Exhibit 1); (A copy of the Collective Bargaining Agreement is attached as Exhibit 2).

12. Through the agreements referred to in paragraph 11, Compass Mechanical Services, Inc. also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

13. Pursuant to the provisions of the Collective Bargaining Agreement and the Trust Agreements, Compass Mechanical Services, Inc. was required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "monthly Contribution Reports") and pay contributions to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for each hour worked pursuant to the Collective Bargaining Agreement at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

14. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

15. Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

16. Pursuant to the Collective Bargaining Agreement, Compass Mechanical Services, Inc. was required to deduct UNION dues from its employee's paychecks (called wage work assessment) and remit payment of those dues to the UNION.

17. On or about December 6, 2007, Compass Mechanical Services, Inc. and the Defendant ROMERO entered into a Secured Settlement Agreement with the TRUST FUNDS, INDUSTRY FUND, PFCGC and the UNION for liability incurred during the period of November 1, 2006 through October 1, 2007. (A copy of the Settlement Agreement is attached as Exhibit 3.)

18. The Settlement Agreement requires Compass Mechanical Services, Inc. and ROMERO to payoff the principal balance of $60,687.15 in nine (9) monthly installments of $7,441.01 commencing on January 1, 2008, and continuing through September 1, 2008.

19. The Settlement Agreement further provides that Compass Mechanical Services, Inc. and ROMERO shall submit ongoing Contribution Reports and payments to the TRUST FUNDS, INDUSTRY FUND, PFCGC and UNION in a timely manner throughout the duration of the Agreement.

20. The terms of the Settlement Agreement provide that ROMERO shall be individually liable for all of the obligations of Compass Mechanical Services, Inc. under the terms of the Agreement, including but not limited to the submission of on-going contributions payments in a timely manner and damages associated with the failure to do so.

21. Compass Mechanical Services, Inc. and ROMERO failed to submit monthly settlement payments for the months of June, July and August of 2008, resulting in unpaid payments in the amount of $18,178.03.

22. Due to Compass Mechanical Services, Inc. and ROMERO'S repeated failure to submit Settlement Payments in a timely manner, ROMERO currently owes the TRUST FUNDS, INDUSTRY FUND, PFCGC and the UNION $5,667.55 in unpaid liquidated damages and $1,655.96 in unpaid interest pursuant to the terms of the Settlement Agreement.

23. Compass Mechanical Services, Inc. and ROMERO have failed to submit ongoing contribution payments to the TRUST FUNDS, INDUSTRY FUND, PFCGC and the UNION for the time period of May 2008 through June 2009 resulting in unpaid contributions in the amount of $90,743.86.

24. Due to Compass Mechanical Services, Inc. and ROMERO'S failure to submit Contribution Reports and payments in a timely manner, liquidated damages have been assessed in the amount of $12,402.93 and interest has accrued in the amount of $7,414.93, pursuant to the terms of the Collective Bargaining and Trust Agreements.

25. An audit conducted by Legacy Professionals, LLP on November 24, 2008, revealed that Compass Mechanical Services, Inc. and ROMERO had underreported hours and failed to report all eligible employees resulting in contribution deficiencies in the amount of $30,698.10.

## COUNT II
## ALTER-EGO LIABILITY - WOJCIECHOWSKI

26. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-25 of this Complaint with the same force and effect as if fully set forth herein.

27. WOJCIECHOWSKI was the Vice-President of Compass Mechanical Services, Inc. and owned 45% of the outstanding shares of Compass Mechanical Services, Inc.

28. WOJCIECHOWSKI testified at a Section 341 Meeting of the Creditors that Compass Mechanical Services, Inc. began experiencing financial difficulties during 2006 and that he continued to draw a pay-check in the amount of $1,900.00 per week (gross) for his role in the management of the company during the financial difficulties.

29. WOJCIECHOWSKI testified that Compass Mechanical Services, Inc., beginning in early 2008, began to use money that was set aside to pay liability of Compass Mechanical

Services, Inc. to pay his weekly paycheck in the amount of $1,900.00 per week (gross).

30. Beginning in May 2008, Compass Mechanical Services, Inc. and ROMERO failed to make the required fringe benefit contributions to the Plaintiffs for hours worked by covered employees pursuant to the Settlement Agreement, Collective Bargaining Agreement and Trust Agreements.

31. From May 2008 to June 2009, WOJCIECHOWSKI continued to pay himself a weekly paycheck in the amount of $1,900.00 per week (gross), with the exception of one or two paychecks every two months.

32. WOJCIECHOWSKI failed to provide for the adequate capitalization of Compass Mechanical Services, Inc.

33. Upon information and belief, WOJCIECHOWSKI used Compass Mechanical Services, Inc.'s assets for his own personal benefit and commingled the assets.

34. WOJCIECHOWSKI continued to operate Compass Mechanical Services, Inc. while it was insolvent to the detriment of the Plaintiffs and other creditors.

35. WOJCIECHOWSKI continued the operation of Compass Mechanical Services, Inc. from 2006 through December 2009 as a mere façade for his personal benefit, and therefore, there is such a unity of interest between Compass Mechanical Services, Inc. and WOJCIECHOWSKI that he should be considered the alter-ego of Compass Mechanical Services, Inc.

36. Allowing WOJCIECHOWSKI to escape liability for the debts of Compass Mechanical Services, Inc. promotes injustice and inequitable consequences because WOJCIECHOWSKI operated the company for his sole benefit by taking money for his own compensation that should have been paid to the major creditors of the corporation,

including the Plaintiffs.

37. An injustice would occur because WOJCIECHOWSKI used the money that should have been used to pay for the health and retirement benefits of Compass Mechanical Services, Inc.'s employees (participants in the Plaintiffs' plans), to pay himself a salary of $1,900 a week.

38. WOJCIECHOWSKI is the alter-ego of Compass Mechanical Services, Inc. As the alter-ego of Compass Mechanical Services, Inc., WOJCIECHOWSKI is directly liable for Compass Mechanical Services, Inc.'s debts to the Plaintiffs.

## COUNT III
## ALTER-EGO AND SUCCESSOR LIABILITY – UBM AND EAS

39. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-38 of this Complaint with the same force and effect as if fully set forth herein.

40. At all relevant times, ROMERO was an owner of Compass Mechanical Services, Inc., EAS and UBM.

41. At all relevant times, WOJCIECHOWSKI was an owner of Compass Mechanical Services, Inc. and EAS.

42. Because of the their common ownership, EAS and UBM were aware of Compass Mechanical Services, Inc.'s obligations to the Plaintiffs under the Collective Bargaining Agreement, Trust Agreements and the Settlement Agreement.

43. Upon information and belief, Compass Mechanical Services, Inc., EAS and UBM share common employees.

44. Upon information and belief, Compass Mechanical Services, Inc., EAS and UBM share some or all of the same tools and equipment.

45. Compass Mechanical Services, Inc., EAS and UBM have common officers and owners.

46. Upon information and belief, Compass Mechanical Services, Inc., EAS and UBM share the same customer list and maintain other joint corporate records.

47. Upon information and belief, Compass Mechanical Services, Inc., EAS and UBM collect accounts receivable for work performed by one of the other entities.

49. Upon information and belief, Compass Mechanical Services, Inc., EAS and UBM perform the same type of work – HVAC.

50. Upon information and belief, Compass Mechanical Services, Inc., EAS and UBM have shared common addresses.

51. Upon information and belief, EAS and UBM have commingled assets with Compass Mechanical Services, Inc.

52. Defendants ROMERO and WOJCIECHOWSKI operated Compass Mechanical Services, Inc. to the point of insolvency and continued to operate EAS and UBM with the assets of Compass Mechanical Services, Inc.

53. EAS and UBM are not signatory to a Collective Bargaining Agreement with the UNION and are used to perform pipe fitting and/or HVAC work to evade Compass Mechanical Services, Inc.'s obligations to the Plaintiffs.

54. Recognition of EAS and UBM'S separate corporate existences would sanction a fraud or promote injustice, in that Compass Mechanical Services, Inc., ROMERO and WOJCIECHOWSKI would be permitted to escape their contractual and financial obligations to the Plaintiffs while still operating as the same companies.

55. EAS and UBM are alter-egos of Compass Mechanical Services, Inc. and are directly liable to the Plaintiffs for the contractual and financial obligations of Compass Mechanical Services, Inc.

56. EAS and UBM are the disguised continuance of Compass Mechanical Services, Inc. and, therefore, are directly liable for the debts of Compass Mechanical Services, Inc.

57. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from ROMERO, WOJCIECHOWSKI, EAS and UBM.

58. Plaintiffs have complied with all conditions precedent in bringing this suit.

59. ROMERO, WOJCIECHOWSKI, EAS and UBM are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Settlement Agreement, Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs pray:

A. That Judgment be entered in favor of Plaintiffs and against Defendants ROMERO, WOJCIECHOWSKI, EAS and UBM, jointly and severally, in the amount of $25,501.54 for all contributions, liquidated damages and interest owed under the defaulted Settlement Agreement;

B. That Judgment be entered in favor of Plaintiffs and against Defendants ROMERO, WOJCIECHOWSKI, EAS and UBM, jointly and severally, in the amount of $90,743.86 for all unpaid contributions, liquidated damages and interest for the time period of January 2008 through June 2009, pursuant to the terms of the Collective Bargaining Agreement, Trust Agreements and Section 502(g)(2) of ERISA;

C. That Judgment be entered in favor of Plaintiffs and against Defendants ROMERO, WOJCIECHOWSKI, EAS and UBM, jointly and severally, in the

    amount of $30,698.10 for all contributions revealed by the audit of November 24, 2008 and also in the amount of $2,512.65 for the auditor's fees in performing the audit;

D. That Judgment be entered in favor of Plaintiffs and against Defendants ROMERO, WOJCIECHOWSKI, EAS and UBM, jointly and severally, for whatever contributions, liquidated damages and interest are found to be due and owing in addition to the amounts referenced in paragraphs A through C;

E. That this Court enter an Order requiring EAS and UBM to submit to a payroll compliance audit covering the period of February 4, 2005 through present to determine UBM and EAS'S contribution, liquidated damages and interest liability to the Plaintiffs for work performed by their employees in Covered Employment;

F. That Judgment be entered in favor of Plaintiffs and against Defendants ROMERO, WOJCIECHOWSKI, EAS and UBM, jointly and severally, for all contributions, liquidated damages and interest that are revealed by the payroll compliance audit;

G. That this Court enter an Order holding that ROMERO, WOJCIECHOWSKI, EAS and UBM are alter-egos and/or successor companies of Compass Mechanical Services, Inc. and, thus, are obligated to comply with all obligations under the Collective Bargaining Agreement and Trust Agreements, including but not limited to the submission of monthly contributions to the Plaintiffs;

H. That Defendants ROMERO, WOJCIECHOWSKI, EAS and UBM, jointly and severally, be ordered to pay the reasonable attorney's fees, audit fees, and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust

Agreements and 29 U.S.C. §1132(g)(2)(D); and

I. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**JOHNSON & KROL, LLC**

/s/ Jeffrey A. Krol – 6300262
One of Plaintiffs' Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587