# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT, EASTERN DIVISION

Board of Trustees of the Pipe Fitters )
Retirement Fund, Local 597, et al. )
          Plaintiff, )   Case No.  10-CV-7891
           )
    v. )
           )
Michael Wojciechowski )
           )
          Defendant. )

**FILED**
FEB 1 7 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## ANSWER TO COMPLAINT AND COUNTERCLAIM

    NOW COMES the Defendant –Michael Wojciechowski ("Defendant"), and for its

Answer to Plaintiff's Complaint, states as follows:

    1.       This action arises under Section 502 of the Employee Retirement Income Security

Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations

Act.  The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. &

1132(e) (1) and 28 U.S.C. & 1331.

    **ANSWER: Defendant admits the allegations made in Paragraph 1, but denies liability**

**thereunder.**

    2.       Venue is proper in this court pursuant to 29 U.S.C. & 1132(e)(2) in that the

PIPEFITTERS RETIREMENT FUND, LOCAL 597, the PIPEFITTERS WELFARE FUND,

LOCAL 597, PIPEFITTERS TRAINING FUND, LOCAL 597, and the PIPE FITTERS

INDIVIDUAL ACCOUNT AND 401(k) PLAN ("TRUST FUNDS"), are administered at 45

North Ogden Ave, Chicago, Illinois and pursuant to 28 U.S.C. & 1391(b)(2) in that a substantial

part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District

of Illinois, Eastern Division.

    **ANSWER: Defendant admits the allegations made in Paragraph 2, but denies liability to**

**the plaintiffs.**

## PARTIES

3.        The Board of Trustees of the TRUST FUNDS, are authorized to administer the

TRUST FUNDS, which receive contributions from numerous employers pursuant to Collective

Bargaining Agreements between the employers and the PIPE FITTERS ASSOCIATION,

LOCAL UNION 597, U.A. ("UNION"), AND THEREFORE ARE MULTI-EMPLOYER

PLANS UNDER 29 U.S.C.& 1002.

**ANSWER: Defendant admits the allegations made in Paragraph 3, but denies liability to**

**the plaintiffs**

4.        The BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL

CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") is authorized

to administer the INDUSTRY FUND.

**ANSWER: Defendant has insufficient knowledge to admit or deny these allegations.**

5.        The BOARD OF TRUSTEES of the PIPE FITTING COUNCIL OF GREATER

CHICAGO ("PFCGC") is authorized to administer the PFCGC.

**ANSWER: Defendant has insufficient knowledge to admit or deny these allegations.**

6.        The UNION is the bargaining representative of Compass Mechanical Services,

Inc.'s bargaining unit employees.

**ANSWER: Defendant has insufficient knowledge to admit or deny these allegations.**

7.        Defendants ROMERO and  WOJCIECHOWSKI was a corporate officer and

shareholder of Compass Mechanical Services, Inc. prior to its bankruptcy.

**ANSWER: Defendant admits the allegations as to WOJCIECHOWSKI only ,**

**WOJCIECHOWSKI denies liability to the plaintiffs.**

8.      The Defendant UBM is an Illinois Limited Liability Company with its principal

place of business located in Carol Stream, Illinois.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to**

**answer the same.**

9.      The Defendant AES is an Illinois Corporation with its principal place of business

located in Hanover Park, Illinois.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty**

**to answer the same.**

## COUNT I

## BREACH OF CONTRACT

10.     Plaintiff's re-allege and incorporate the allegations contained in paragraphs 1-9 of

the Complaint with the same force and effect as if fully set forth herein.

**ANSWER: Defendant re-alleges and incorporates its Answers to paragraphs 1-9 of this**

**complaint with the same force and effect as if fully set forth herein.**

11.     Compass Mechanical Services, Inc. was an employer engaged in an industry

affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound

by the provisions of the Collective Bargaining Agreement negotiated between the UNION and

the Mechanical Contractors Association for all times relevant to this action. (A copy of the

subscription Agreement is attached as Exhibit 1); (A copy of the Collective Bargaining

Agreement is attached as Exhibit 2)

**ANSWER: WOJCHIECHOWSKI** objects to ¶ 11 in that it contains multiple allegations and calls for a legal conclusion. To the extent an answer is required, this allegation is not directed at the respondent and as such is under no duty to answer the same

12.      Through the agreements referred to in paragraph 11, Compass Mechanical Services, Inc. also became bound by the provisions of the Agreements and declarations of Trust which created the Trust Funds (hereinunder referred to as the "Trust Agreements").

**ANSWER: WOJCHIECHOWSKI** objects to ¶ 12 in that it calls for a legal conclusion. This allegation is not directed at the respondent and as such is under no duty to answer the same

13.      Pursuant to the provisions of the Collective Bargaining Agreement and the Trust Agreements, Compass Mechanical Services, Inc. was required to make monthly reports of hours worked by Covered Employees (hereinunder referred to as ("monthly Contribution Reports) and pay contributions to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for each hour worked pursuant to the Collective Bargaining Agreement at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

**ANSWER: WOJCHIECHOWSKI** objects to ¶ 13 in that it calls for a legal conclusion. Without waiving said objection, this allegation is not directed at the respondent and as such is under no duty to answer the same

14.        Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective

Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly

Contribution Reports and contributions to the TRUST FUNDS on a timely basis are responsible

for the payment of liquidated damages equal to 10% of the amount unpaid and interest at a rate

of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's

fees and costs of maintaining suit.

**ANSWER: WOJCHIECHOWSKI objects to ¶ 14 in that it calls for a legal conclusion.**
**Without waiving said objection, this allegation is not directed at the respondent and as such**
**is under no duty to answer the same.**

15.        Pursuant to the provisions of the Collective Bargaining Agreement and Trust

Agreements, employers who fail to submit their monthly Contribution Reports and contributions

to the INDUSTRY FUND on a timely basis are responsible for the payment of liquidated

damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each

month that contributions remain unpaid, plus any reasonable attorney's fees and costs of

maintaining suit.

**ANSWER: WOJCHIECHOWSKI objects to ¶ 15 in that it calls for a legal conclusion.**
**Without waiving said objection, this allegation is not directed at the respondent and as such**
**is under no duty to answer the same .**

16.        Pursuant to the Collective Bargaining Agreement, Compass Mechanical Services,

Inc. was required to deduct UNION dues from its employee's paychecks (called wage work

assessment) and remit payment of those dues to the UNION.

**ANSWER: WOJCHIECHOWSKI** objects to ¶ 16 in that it calls for a legal conclusion. Without waiving said objection, this allegation is not directed at the respondent and as such is under no duty to answer the same.

17.      On or about December 6, 2007, Compass Mechanical Services, Inc. and the Defendant Romero entered into a Secured Settlement Agreement with the TRUST FUNDS, INDUSTRY FUND, PFCGC, and the UNION for liability incurred during the period of November 1, 2006 through October 1, 2007.  (A copy of the settlement Agreement is attached as Exhibit 3.)

**ANSWER: ,** this allegation is not directed at the respondent and as such is under no duty to answer the same .

18.      The Settlement Agreement requires Compass Mechanical Services, Inc. and ROMERO to payoff the principal balance of $60,687.15 in nine (9) monthly installments of $7,441.01 commencing on January 1, 2008 and continuing through September 1, 2008.

**ANSWER: WOJCHIECHOWSKI** objects to ¶ 18 in that it calls for a legal conclusion. Without waiving said objection, this allegation is not directed at the respondent and as such is under no duty to answer the same.

19.      The Settlement Agreement further provides that Compass Mechanical Services, Inc. and ROMERO shall submit ongoing Contribution Reports and payments to the TRUST Funds, INDUSTRY FUND, PFCGC, and UNION in a timely manner throughout the duration of the agreement.

**ANSWER: WOJCHIECHOWSKI** objects to ¶ 19 in that it calls for a legal conclusion. Without waiving said objection, this allegation is not directed at the respondent and as such is under no duty to answer the same.

20.     The terms of the Settlement Agreement provide that ROMERO shall be individually liable for all of the obligations of Compass Mechanical Services, Inc. under the terms of the Agreement, including but not limited to the submission of on-going contributions payments in a timely manner and damages associated with the failure to do so.

**ANSWER: WOJCHIECHOWSKI objects to ¶ 20 in that it calls for a legal conclusion. Without waiving said objection, this allegation is not directed at the respondent and as such is under no duty to answer the same.**

21.     Compass Mechanical Services, Inc. and ROMERO failed to submit monthly settlement payments for the months of June, July, and August of 2008, resulting in unpaid payments in the amount of $18,178.03.

**ANSWER: WOJCHIECHOWSKI objects to ¶ 21 in that it calls for a legal conclusion. Without waiving said objection, this allegation is not directed at the respondent and as such is under no duty to answer the same.**

22.     Due to Compass Mechanical Services, Inc. and ROMERO'S repeated failure to submit Settlement Payments in a timely manner, ROMERO currently owes the TRUST FUNDS, INDUSTRY FUND, PFCGC, and the UNION $5,667.55 in unpaid liquidated damages and $1,655.96 in unpaid interest pursuant to the terms of the Settlement Agreement.

**ANSWER: WOJCHIECHOWSKI objects to ¶ 22 in that it calls for a legal conclusion. Without waiving said objection, this allegation is not directed at the respondent and as such is under no duty to answer the same.**

23.     Compass Mechanical Services, Inc. and ROMERO have failed to submit ongoing contribution payments to the TRUST FUNDS, INDUSTRY FUND, PFCGC, and the UNION for

the time period of May 2008 through June 2009 resulting in unpaid contributions in the amount
of $90,743.86.

**ANSWER: WOJCHIECHOWSKI objects to ¶ 23 in that it calls for a legal conclusion.
Without waiving said objection, this allegation is not directed at the respondent and as such
is under no duty to answer the same. .**

24.     Due to Compass Mechanical Services, Inc. and ROMERO'S failure to submit
Contribution Reports and payments in a timely manner, liquidated damages have been assessed
in the amount of $12,402.93 and interest has accrued in the amount of $7,414.93, pursuant to the
terms of the Collective Bargaining and Trust Agreements

**ANSWER: WOJCHIECHOWSKI objects to ¶ 24 in that it calls for a legal conclusion.
Without waiving said objection, this allegation is not directed at the respondent and as such
is under no duty to answer the same.**

25.     An audit conducted by Legacy Professionals, LLP on November 24, 2008,
revealed that Compass Mechanical Services, Inc. and ROMERO had underreported hours and
failed to report all eligible employees resulting in contribution deficiencies in the amount of
$30,698.10.

**ANSWER: WOJCHIECHOWSKI objects to ¶ 25 in that it calls for a legal conclusion.
Without waiving said objection, this allegation is not directed at the respondent and as such
is under no duty to answer the same.**

## COUNT II

## ALTER-EGO LIABILITY-WOJCIECHOWSKI

26.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-25 of this Complaint with the same force and effect as if fully set forth herein.

**ANSWER: Defendant re-alleges and incorporates its Answers to paragraphs 1-25 of this complaint with the same force and effect as if fully set forth herein.**

27.     WOJCIECHOWSKI was Vice-President of Compass Mechanical Services, Inc. and owned 45% of the outstanding shares of Compass Mechanical Services, Inc.

**ANSWER: Defendant admits the allegations in Paragraph 27, but denies liability to the Plaintiffs**

28.     WOJCIECHOWSKI testified at a Section 341 Meeting of the Creditors that Compass Mechanical Services, Inc. began experiencing financial difficulties during 2006 and that he continued to draw a pay-check in the amount of $1,900.00 per week (gross) for his role in the management of the company during the financial difficulties.

**ANSWER: Denied.**

29.     WOJCIECHOWSKI testified that Compass Mechanical Services, Inc. beginning in early 2008, began to use money that was set aside to pay liability of Compass Mechanical Services, Inc. to pay his weekly paycheck in the amount of $1,900.00 per week (gross).

**ANSWER: Denied.**

30.     Beginning in May 2008, Compass Mechanical Services, Inc. and ROMERO failed to make the required fringe benefit contributions to the Plaintiffs for hours worked by covered employees pursuant to the Settlement Agreement, Collective Bargaining Agreement and Trust Agreements.

**ANSWER:  This allegation is not directed at the respondent and as such is under no duty to answer the same.   In so far as an answer is required, the Defendant has insufficient knowledge to admit or deny this allegation.**

31.     From May 2008 to June 2009, WOJCIECHOWSKI continued to pay himself a weekly paycheck in the amount of $1,900.00 per week gross, with the exception of one or two paychecks every two months.

**ANSWER: Deny.**

32.     WOJCIECHOWSKI failed to provide for the adequate capitalization of Compass Mechanical Services, Inc.

**ANSWER: WOJCHIECHOWSKI objects to ¶ 32 in that it calls for a legal conclusion. Without waiving said objection, Deny.**

33.     Upon information and belief, WOJCIECHOWSKI used Compass Mechanical Services, Inc. assets for his own personal benefit and commingled assets.

**ANSWER: WOJCHIECHOWSKI objects to ¶33 in that it contains multiple allegations not set forth in separate paragrapshs, further objecting ¶ 33 calls for a legal conclusion. Without waiving said objection, Deny.**

34.      WOJCIECHOWSKI continued to operate Compass Mechanical Services, Inc.

while it was insolvent to the detriment of the Plaintiffs and other creditors.

**ANSWER: WOJCHIECHOWSKI objects to ¶34 in that it calls for a legal conclusion.**

**Without waiving said objection, Admit in so far as Compass filed for bankruptcy in**

**December , 2009.  WOJCHIECHOWSKI further states that it is not illegal for a business**

**to file for bankruptcy after becoming insolvent.  See Title 11 of the United States Code.**

**WOJCHIECHOWSKI denies all other allegations and legal conclusions contained in ¶ 34.**


35.      WOJCIECHOWSKI continued the operation of Compass Mechanical Services,

Inc. from 2006 through December 2009 as a mere façade for his personal benefit, and therefore,

there is such a unity of interest between Compass Mechanical Services, Inc. and

WOJCIECHOWSKI that he should be considered the alter-ego of Compass Mechanical

Services, Inc.

**ANSWER: WOJCHIECHOWSKI objects to ¶35 in that it contains multiple allegations not**

**set forth in separate paragrapshs, further objecting, ¶ 33 calls for multiple legal conclusion.**

**Without waiving said objection, Deny.**


36.      Allowing WOJCIECHOWSKI to escape liability for the debts of Compass

Mechanical Services, Inc. promotes injustice and inequitable consequences because

WOJCIECHOWSKI operated the company for his sole benefit by taking money for his own

compensation that should have been paid to the major creditors of the corporation, including the

Plaintiffs.

**ANSWER: WOJCHIECHOWSKI objects to ¶36 in that it contains multiple allegations not set forth in separate paragrapshs, further objecting ¶ 36 calls for a legal conclusion. Without waiving said objection, Deny.**

37.　　　An injustice would occur because WOJCIECHOWSKI used the money that should have been used to pay for the health and retirement benefits of Compass Mechanical Services, Inc. employees (participants in the Plaintiff's plans), to pay himself a salary of $1,900 a week.

**ANSWER: WOJCHIECHOWSKI objects to ¶37 in that it contains multiple allegations not set forth in separate paragrapshs, further objecting ¶ 37 calls for a legal conclusion. Without waiving said objection, Deny.**

38.　　　WOJCIECHOWSKI is the alter-ego of Compass Mechanical Services, Inc. As the alter-ego of Compass Mechanical Services, Inc., WOJCIECHOWSKI is directly liable for Compass Mechanical Services, Inc.'s debts to the Plaintiff's.

**ANSWER: WOJCHIECHOWSKI objects to ¶38 in that it contains multiple allegations not set forth in separate paragrapshs, further objecting ¶ 38 calls for a legal conclusion. Without waiving said objection, Deny.**

## COUNT III

## ALTER-EGO AND SUCCESSOR LIABILITY-UBM AND EAS

39.　　　Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-38 of this Complaint with the same force and effect as if fully set forth herein.

12

**ANSWER: Defendant re-alleges and incorporates its Answers to paragraphs 1-25 of this complaint with the same force and effect as if fully set forth herein.**

40. At all relevant times, ROMERO was an owner of Compass Mechanical Services, Inc., and EAS.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

41. At all relevant times, WOJCIECHOWSKI was an owner of Compass Mechanical Services, Inc., and EAS.

**ANSWER: WOJCICHOWSKI objects as to the term "all relevant times". Without waiving said objection WOJCIECHOWSKI admits that he was an owner of both Compass Mechanical Services, Inc., and EAS.**

42. Because of their common ownership, EAS and UBM were aware of Compass Mechanical Services, Inc.'s obligations to the Plaintiff's under the Collective Bargaining Agreement, Trust Agreements, and Settlement Agreement.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

43. Upon information and belief, Compass Mechanical Services, Inc. EAS, and UBM share common employees.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

13

44.     Upon information and belief, Compass Mechanical Services, Inc., EAS and UBM share some or all of the same tools and equipment.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

45.     Compass Mechanical Services, Inc., EAS, and UBM have common officers and owners.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

46.     Upon information and belief, Compass Mechanical Services, Inc., EAS, and UBM share the same customer list and maintain other joint corporate records.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

47.     Upon information and belief, Compass Mechanical Services, Inc., EAS, and UBM collect accounts receivable for work performed by one of the other entities.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

48.     N/A

49.     Upon information and belief, Compass Mechanical Services, Inc., EAS, and UBM perform the same type of work.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

50.     Upon information and belief, Compass Mechanical Services, Inc., EAS, and UBM have shared common addresses.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

51.     Upon information and belief, EAS, and UBM have commingled assets with Compass Mechanical Services, Inc.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

52.     Defendants ROMERO and WOJCIECHOWSKI operated Compass Mechanical Services, Inc. to the point of insolvency and continued to operate EAS and UBM with the assets of Compass Mechanical Services, Inc.

**ANSWER: WOJCHIECHOWSKI objects to ¶52 in that it contains multiple allegations not set forth in separate paragrapshs, further objecting ¶ 52 calls for a legal conclusion. Without waiving said objection, Deny.**

53.     EAS and UBM are not signatory to a Collective Bargaining Agreement with the UNION and are used to perform pipe fitting and / or HVAC work to evade Compass Mechanical Services, Inc.'s obligations to the Plaintiffs.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

15

54.     Recognition of EAS and UBM's separate corporate existences would sanction a fraud or promote injustice, in that Compass Mechanical Services, Inc., ROMERO and WOJCIECHOWSKI would be permitted to escape their contractual and financial obligations to the Plaintiff's while still operating as the same companies.

**ANSWER: WOJCHIECHOWSKI objects to ¶54 in that it contains multiple allegations not set forth in separate paragrapshs, further objecting ¶ 54 calls for a legal conclusion. Without waiving said objection, Deny.**

55.     EAS and UBM are alter-egos of Compass Mechanical Services, Inc. and are directly liable to the plaintiff's for the contractual and financial obligations of Compass Mechanical Services, Inc.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

56.     EAS and UBM are the disguised continuance of Compass Mechanical Services, Inc., and therefore, are directly liable for the debts of Compass Mechanical Services, Inc.

**ANSWER: This allegation is not directed at the respondent and as such is under no duty to answer the same.**

57.     Plaintiff's have been required to employ the undersigned attorney's to collect the monies that are due and owing from ROMERO, WOJCIECHOWSKI, EAS, and UBM.

**ANSWER:** WOJCHIECHOWSKI objects to ¶57 in that it calls for a legal conclusion. Without waiving said objection, WOJCHIECHOWSKI has insufficient knowledge to admit or deny the Plaintiff's motives or reasoning..

58.    Plaintiffs have complied with all conditions precedent in bringing this suit.

**ANSWER:** WOJCHIECHOWSKI objects to ¶58 in that it calls for a legal conclusion. Without waiving said objection, WOJCHIECHOWSKI has insufficient knowledge to admit or deny and therefore denies.

59.    ROMERO, WOJCIECHOWSKI, EAS, and UBM are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff's pursuant to the Settlement Agreement, Collective Bargaining Agreement, Trust Agreements, and 29 U.S.C. & 1132(g)(2)(D).

**ANSWER:** WOJCHIECHOWSKI objects to ¶59 in that it contains multiple allegations in the same paragraph and sets forth a legal conclusions. Without waiving said objection, WOJCHIECHOWSKI has insufficient knowledge to admit or deny the same.

**AFFIRMATIVE DEFENSE**

WOJCHIECHOWSKI was never a signatory to a Local 597 union contract so he cannot be held responsible.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

In re:                                )    Case No.  10-CV-7891
                                      )
                                      )
Michael Wojciechowski *et. al.*        )
                                      )
                  Defendant.           )

## CERTIFICATE OF SERVICE

I, Michael Wojciechowski, defendant certify that I caused a true and correct copy of the

ANWER TO COMPLAINT AND COUNTERCLAIM to be served upon all parties entitled

to service at the addresses listed below by regular U.S. main on or before FEBRUARY 11th,

2011.

Respectfully submitted,
Michael Wojciechowski

By: _____  2/14/11

**Service List via Certified Mail**

Pipefitter's Association Local #597
c/o Johnson & Krol LLC
300 S. Wacker Drive
Suite #1313
Chicago, IL 60606

1